UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| Case No. | CV 12-2003 DSF (VBKx) | Date | 3/24/2014 |
|---|---|---|---|
| Title | Neil A. Vacchiano v. Kevin W. Wessell, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      (In Chambers) Order Granting Defendants' Oral Motion to Dismiss Based on Lack of Standing

## I.   INTRODUCTION

In this diversity action, Plaintiff Neil Vacchiano asserts claims against Defendants Kevin W. Wessell and 1-800-Company relating to funds deposited into what Vacchiano believed was an overseas savings account at Alps Credit Union Economisk (The Alps). (Docket No. 35, First Amended Complaint (FAC) ¶¶ 18, 36-42.[1])  This action is related to Alexander v. Incway Corp., et al., CV 11-8851 DSF (VBKx) (Alexander Action),

---

[1]The FAC named the following defendants: Kevin W. Wessell; The Alps; Incway Corporation dba Companies Incorporated; Casey Lawrence; Richard Gutierrez; Presidential Services, Inc.; 1-800-Company; and Valencia Loan Company.  However, the following entities are the subject of a bankruptcy stay: Incway; Companies, Inc.; and Presidential Services, Inc.  (Docket Nos. 61, 68, 72.)  A default has been entered against Richard Gutierrez.  (Docket No. 38.)  The parties stipulated to dismiss Casey Lawrence without prejudice.  (Docket No. 140.)  The parties also stipulated to dismiss Valencia Loan Company with prejudice.  (Docket No. 158.)  The parties disputed service on The Alps.  (Docket No. 25.)  Although Defendants claim that The Alps "has been dismissed[,]" (Docket No. 195, Defs.' Real Party Br., at 3), Defendants provide no support for this claim, and the Court could not locate any filing that seeks or grants this dismissal.  However, The Alps is omitted as a party within Plaintiff's Statement in the Rule 26 Joint Report, (Docket No. 54 at 2), as well as the proposed Final Pretrial Conference Order, which was lodged by Plaintiff on November 22, 2013, (Docket No. 156-1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

(Docket No. 4), which involved the same Defendants and contained overlapping legal claims and factual issues, (Docket No. 168, Order re Pl.'s Mot. *in Limine* #1, at 1).[2] Vacchiano testified in the bench trial of the Alexander Action, which was held before this Court in June 2013. (Alexander F&C ¶¶ 50-65.)  Plaintiff filed a Motion *in Limine* to request that the Court adopt the Alexander F&C in the Vacchiano Action. (Docket No. 142.)  The Court granted this motion in part, but expressly noted that this did not equate to a finding of relevance, "as the relevance of any issue depends on the evidence and argument presented by the parties at trial." (Order re Pl.'s Mot. *in Limine* #1 at 6.)

A one-day bench trial was held in the Vacchiano Action on January 7, 2014, to decide the remaining claims against Wessell and 1-800-Company: (1) negligence; (2) fraudulent inducement, fraud, and deceit; (3) negligent misrepresentation; (4) unlawful, unfair, and fraudulent business acts, in violation of California's Unfair Competition Law; (5) conversion; (6) unjust enrichment; (7) and money had and received. (Docket No. 171, Pl.'s Tr. Br., at 13-17; Docket No. 170, Defs.' Tr. Br., at 2-3.)  Based on Vacchiano's Proposed Findings of Fact and Conclusions of Law, it appears that he now seeks resolution only of his claims for negligent misrepresentation and fraud. (Docket No. 190, Ex. A at 36 n.4.[3])  Specifically, Vacchiano's Proposed Findings state that his negligence claim should be subsumed in his negligent misrepresentation claim, and notes that Vacchiano has not—and presumably will not—provide proposed conclusions of law on the other claims presented at trial. (Id.)  In light of this, the Court will evaluate the remainder of the case only as to Plaintiff's claims for negligent misrepresentation and fraud.

At trial, Defendants moved for dismissal or judgment pursuant to their affirmative defenses of lack of standing and lack of indispensable party. (Docket No. 181, Rep.'s Tr. of Trial Proceedings (RT), at 122:5-16.)  The Court took Defendants' motion under submission and allowed the parties to submit further briefing. (Id. at 122:17-20, 149:4-6.)  Defendants assert that the money Vacchiano deposited into The Alps belonged to NV Custom Living, Inc., not Vacchiano. (Defs.' Real Party Br. at 4.)  Specifically, these funds came from two certificate of deposit (CD) accounts in the name of NV Custom

---

[2]Although 1-800-Company was not named as a defendant in the Alexander Action, it was discussed during the Alexander Trial. (Alexander Action Docket. No. 182, Findings of Fact and Conclusions of Law After Court Trial (Alexander F&C), ¶¶ 90, 91, 94, 169, 185.)  The Court found that 1-800-Company was an alter ego of Wessell. (Id. ¶¶ 185, 186.)

[3]While this footnote states that Vacchiano's fraud claim is one for "Fraud (Misrepresentations and Omissions)," the text of Vacchiano's Proposed Findings discusses fraud in the form of (1) intentional misrepresentation, and (2) concealment and suppression of facts. (Docket No. 190, Ex. A at 29, 33.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Living.  (Id. at 5.)  Because he did not own these funds, Vacchiano was not damaged by their loss, and is not the real party in interest under Federal Rule of Civil Procedure (Rule) 17(a).  (Id.)  Defendants raised this challenge in their answer, (Docket No. 51 ¶159)[4], in a "Notice of Objection Against Named Plaintiff Neil A Vacchiano As Not the Real Party in Interest Pursuant to Federal Rules of Civil Procedure 17," (Docket No. 114), in Defendants' Memorandum of Contentions of Fact and Law, (Docket No. 136 at 29), in the parties' proposed Final Pretrial Conference Order, (Docket No. 156-1 at 44), and during the January 6, 2014 hearing on Defendants' Motion to Amend/Correct Pretrial Order, (Docket No. 179 at 4, 8).

       Vacchiano responds that:

(1)     Defendants have waived this defense by failing to assert it against Vacchiano's testimony during the Alexander Trial, (Docket No. 191, Pl.'s Real Party Br., at 2);[5]

(2)     NV Custom Living "effectively ratified" this action, and will provide "formal written ratification," if required, (id. at 3);

(3)     although the funds deposited "technically" came from accounts in NV Custom Living's name, they were "effectively personal funds to Vacchiano" and contained funds belonging to another entity owned by Vacchiano, (id.); and

(4)     NV Custom Living is the alter ego of Vacchiano, (id. at 4-7).

Plaintiff also submitted a Supplemental Post-Trial Brief, which attached a document titled "Consent of the Stock Holders and Directors to the Action of the Corporation," in which NV Custom Living purportedly "formally ratified this action by Plaintiff and has disclaimed any interest in the lawsuit and in any judgment obtained or monies collected from it."  (Docket No. 201, Ex. A.)

       As stated above, the Court need only evaluate Defendants' motion for dismissal or judgment as to Vacchiano's remaining claims for negligent misrepresentation and fraud.

---

[4]While Defendants' Seventeenth Affirmative Defense incorrectly cites the comparable section from the California Code of Civil Procedure, it states "Plaintiff is not the real party in interest and lacks standing to bring this action against this answering Defendant."  (Docket No. 51 ¶159.)

[5]This claim is so frivolous that the Court declines to discuss it further, except to say that the Court's ruling on this issue has no impact on the Court's findings and conclusions in the Alexander Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

## II.   LEGAL STANDARD

Rule 17 requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).  A plaintiff lacks "prudential standing" if he is not asserting his "own legal interests as the real party in interest . . . ." Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004) (citation omitted).  In cases where the court exercises federal diversity jurisdiction, whether a plaintiff is a "real party in interest" under Rule 17(a) depends on whether the plaintiff is "a proper party to maintain [the] action under applicable state law . . . . It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law." Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093-94 (9th Cir. 2004) (citations omitted) (ellipsis in original); see also Glacier Gen. Assur. Co. v. G. Gordon Symons Co., 631 F.2d 131, 133-34 (9th Cir. 1980) ("Fed.R.Civ.P. 17(a) requires that every action be prosecuted in the name of the real party in interest.  The identity of the real party in interest, however, depends on the legal relationships of the parties under applicable substantive law.").  Thus, the court should focus on "that portion of state law from which the specific right being sued upon stems." Allstate, 358 F.3d at 1094 (citation omitted) (emphasis omitted).

Even if a plaintiff lacks prudential standing, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).  The Ninth Circuit has noted that Rule 17(a)(3) was "designed to avoid forfeiture and injustice when an understandable mistake had been made in selecting the party in whose name the action should be brought." Goodman v. United States, 298 F.3d 1048, 1053 (9th Cir. 2002) (citations omitted) (internal quotation marks omitted).  Therefore, Rule 17(a)(3) allows a plaintiff to cure a lack of prudential standing only if the "decision to sue in his own name represent[s] an understandable mistake and not a strategic decision." Dunmore, 359 F.3d at 1112, 1113 (citation omitted) (remanding case to district court for factual determination of whether plaintiff "may have recourse to Rule 17(a) to cure his prudential standing defect because of any 'understandable mistake.'").

## III.   DISCUSSION

## A.   Vacchiano is Not the Real Party in Interest

To prevail on his remaining claims, Vacchiano must demonstrate that he suffered damage, an element of both negligent misrepresentation and fraud. Compare Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996) ("The elements of fraud, which give rise to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.") and Intrieri v. Super. Ct., 117 Cal. App. 4th 72, 85-86 (2004) (noting that the elements of fraud and negligent misrepresentation "are very similar . . . [h]owever, the state of mind requirements are different."); see also Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995) (in bank) (noting that actual damages is an essential element of intentional misrepresentation, negligent misrepresentation, and constructive fraud). Defendants assert that because the funds Vacchiano deposited in The Alps came from two CDs in the name of NV Custom Living, which Vacchiano admits, (RT 69:3-11; Pl.'s Real Party Br. at 3), any damage "was to corporate assets, in the name of the corporation, and owned by the corporation[,]" (Defs.' Real Party Br. at 5). The Court agrees.

This is not a mere technicality, as Vacchiano claims. (See Pl.'s Real Party Br., at 3.) NV Custom Living is a corporation. (Id. at 2; Docket No. 197, Vacchiano Depo. Tr., Ex. K (Articles of Incorporation of NV Custom Living, Inc.).)

> [P]arties who determine to avail themselves of the right to do business by means of the establishment of a corporate entity must assume the burdens thereof as well as the privileges. An individual who has obtained the benefits of corporate limited liability will not be permitted to repudiate corporate existence just because the corporation has become an inconvenience.

Opp v. St. Paul Fire & Marine Ins. Co., 154 Cal. App. 4th 71, 76 (2007) (citation omitted) (internal quotation marks omitted); see also Seretti v. Superior Nat'l Ins. Co., 71 Cal. App. 4th 920, 931 (1999) ("Individuals are free to operate their business in their own names and accept all its debts and liabilities as their own. Having elected to avail themselves of the benefits of the corporate structure, as appellants did here, they cannot be heard to complain of their inability to take personal advantage of a right belonging to the corporation alone."). In choosing to incorporate NV Custom Living, Vacchiano created a separate legal entity; his claim that funds within the corporate account were "effectively personal funds . . . " fails. (Pl.'s Real Party Br. at 3.)

Vacchiano's reliance on the alter ego doctrine is misplaced. "[T]he alter ego doctrine is a doctrine that is used to prevent a corporation from using its statutory separate corporate form as a shield from liability only where to recognize such would defeat the rights and equities of third persons; it is not a doctrine that allows the corporate entity to disregard its own incorporation." Pac. Landmark Hotel, Ltd. v. Marriott Hotels, Inc., 19 Cal. App. 4th 615, 628 (1993) (citation omitted). Thus, despite Vacchiano's claim that "there is evidence of commingling of funds and other assets, treatment by Vacchiano of the entity NV [Custom Living]'s assets as if they were his own, failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

maintain adequate corporate formalities or records, identical equitable ownership, and diversion of assets[,]" he cannot pierce the corporate veil <u>he</u> erected, to claim personal ownership of NV Custom Living's corporate funds.

Nor is this a claim Vacchiano may bring as a shareholder of NV Custom Living. (<u>See</u> Pl.'s Real Party Br. at 4.)  "Shareholders may bring two types of actions, a direct action filed by the shareholder individually . . . for injury to his or her interest as a shareholder, or a derivative action filed on behalf of the corporation for injury to the corporation for which it has failed or refused to sue." <u>Schuster v. Gardner</u>, 127 Cal. App. 4th 305, 311-12 (2005) (citation omitted) (internal quotation marks omitted).  "An individual cause of action exists only if damages to the shareholders were not *incidental* to damages to the corporation."  <u>Id.</u> at 313 (emphasis in original) (citing <u>Jones v. H.F. Ahmanson & Co.</u>, 1 Cal. 3d 93, 107 (1969)).  Here, Vacchiano's claim of damage is based entirely on the loss of funds belonging to NV Custom Living.  Because Vacchiano's injury is merely incidental to the injury to the corporation, it is not a proper basis for an individual shareholder suit.

For the foregoing reasons, Vacchiano is not the real party in interest in this action.

**B.    Vacchiano Cannot Cure His Lack of Prudential Standing Under Rule 17**

Vacchiano attempts to dispel "any possible legitimate concerns" regarding the lack of indispensable party by lodging a document that Vacchiano claims "formally ratifies" this action.  (Docket No. 201, Pl.'s Supp. Real Party Br., at 2.)  The "Consent of the Stock Holders and Directors to Action of the Corporation," dated February 28, 2014, states that NV Custom Living "ratifies and confirms all actions taken by Neil A. Vacchiano," and has no intent to make any claim against the Defendants.  (<u>Id.</u>, Ex. A.)

Even if this Consent form constituted a proper ratification,[6] it could only cure Vacchiano's lack of prudential standing if the "decision to sue in [Vacchiano's] own name represent[s] an understandable mistake and not a strategic decision.  <u>Dunmore</u>, 359 F.3d at 1112 (citation omitted).  Here, Vacchiano does not–and cannot–claim that his

---

[6]To ratify an action properly, the real party must "1) authorize continuation of the action; and 2) agree to be bound by the lawsuit's result."  <u>Mutuelles Unies v. Kroll & Linstrom</u>, 957 F.2d 707, 712 (9th Cir. 1992) (citation omitted).  The document submitted by Plaintiff does not appear to include an agreement by NV Custom Living to be bound by the lawsuit's result. However, for the purposes of this Order, the Court need not determine whether this constitutes a proper ratification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

decision to sue in his own name, without joining NV Custom Living, was merely an "understandable mistake."  If this had truly been a mistake, Vacchiano certainly would have corrected it immediately after reviewing Defendants' answer.

Vacchiano incorporated NV Custom Living, creating a separate legal entity.  He admits that the funds he deposited into The Alps came from accounts in the name of NV Custom Living.  Prior to filing this action, Vacchiano wrote defense counsel to request that The Alps return the funds at issue through a cashier's check "made out to NV Custom Living Inc."  (Docket No. 197, Notice of Lodging of Vacchiano Dep. Tr., at Ex. N.)  These were all deliberate actions by Vacchiano, which ensured that the funds deposited into The Alps–and any damage from their loss–belonged solely to NV Custom Living.  While Vacchiano now attempts to rely on the alter ego doctrine to claim that "the funds deposited into The Alps were effectively personal funds . . . [,]" this argument is disingenuous.  Given his heavy reliance on the alter ego doctrine in his case against Defendants, Vacchiano should have known that he could not pierce his own corporate veil to "take personal advantage of a right belonging to the corporation alone."  Seretti, 71 Cal. App. 4th at 931.  Vacchiano's choice to sue in his own name was not an understandable mistake, but a purely strategic decision.  As such, he cannot rely on Rule 17(a) to cure his lack of prudential standing.  See Dunmore, 359 F.3d at 1112.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED.  This action is DISMISSED.

IT IS SO ORDERED.